


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JOSEPH MCDOUGLE** **PLAINTIFFS**

**V.** **CIVIL ACTION NO.** 3:17-cv-264 WHB-JCG

**HINDS COUNTY, MISSISSIPPI, ROBERT SHULER SMITH, HINDS COUNTY DISTRICT ATTORNEY, HINDS COUNTY SHERIFF'S DEPARTMENT, HINDS COUNTY DISTRICT ATTORNEY'S OFFICE, CITY OF JACKSON, MISSISSIPPI, POLICE DEPARTMENT, CITY OF JACKSON, MISSISSIPPI, STATE OF MISSISSIPPI, CORRY JENKINS, CHRISTIAN VANCE, JERMAINE MAGEE, G. BROWN, AND JOHN DOES 1-25** **DEFENDANTS**

---

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

---

COME NOW, the Plaintiff, Joseph McDougle, by and through his attorneys, Holaday Law Firm, PLLC, and for his Complaint against Defendants Hinds County, Mississippi, Robert Shuler Smith, Hinds County District Attorney, Hinds County Sheriff's Department, Hinds County District Attorney's Office, City of Jackson, Mississippi, Police Department, City of Jackson, Mississippi State of Mississippi, Corry Jenkins, Christian Vance, Jermaine Magee, G. Brown and John Does 1-25, state as follows:

**PRELIMINARY STATEMENT**

1 This is a Federal Civil Rights action brought as a result of what the Plaintiff believes was a blatant violation of, *inter alia*, the federal civil, constitutional and human rights of Plaintiff, who while in the custody of Hinds County, Mississippi, and the Hinds County Sheriff's Department was wrongfully imprisoned and deprived of his liberty for over nineteen months. As a direct and proximate consequence of the wrongful acts, Mr. McDougle suffered significant emotional, mental and physical damages. It is alleged that Plaintiff's rights under federal law, more specifically 42 U.S.C §1983, together with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated. Plaintiff files this action seeking damages against the Defendants for committing acts under color of law, which deprived Joseph McDougle of rights secured under the Constitution and laws of the United States; and for refusing or neglecting to prevent such deprivations and denials to Joseph McDougle. This Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

**PARTIES**

2. Joseph McDougle is the Plaintiff in this action. At all times material to this Complaint, Joseph McDougle was an adult resident of Hinds County, Mississippi, a citizen of the United States of America, and a resident of the Southern District of Mississippi. Joseph McDougle is a resident of Hinds County, Mississippi, at the time of the filing of this Complaint.

3. Hinds County, Mississippi is a political subdivision of the State of Mississippi. To the extent this Defendant would otherwise enjoy sovereign immunity, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was

responsible, in whole or in part, for the care of Joseph McDougle while acting under color or authority of law. This Defendant is subject to service of process through the Chancery Clerk of Hinds County, Eddie Jean Carr.

3. Robert Shuler Smith is the Hinds County District Attorney, which is an office representing Hinds County, Mississippi, as a political subdivision of the State of Mississippi. To the extent this Defendant would otherwise enjoy sovereign immunity, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was responsible, in whole or in part, for the care of Joseph McDougle while acting under color or authority of law. This Defendant is subject to service of process through the Chancery Clerk of Hinds County, Eddie Jean Carr.

4. The Hinds County Sheriff's Department is a political subdivision of the State of Mississippi. To the extent this Defendant would otherwise enjoy sovereign immunity, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was responsible, in whole or in part, for the care of Joseph McDougle while acting under color or authority of law. This Defendant is subject to service of process through the Sheriff of Hinds County, Victor P. Mason.

5. The City of Jackson, Mississippi, Police Department is a political subdivision of the State of Mississippi. To the extent this Defendant would otherwise enjoy sovereign immunity, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this

Complaint, this Defendant was responsible, in whole or in part, for the care of Joseph McDougle while acting under color or authority of law. This Defendant is subject to service of process through the Chief of Police for the City of Jackson, Mississippi, Police Department, Lee Vance.

6. The City of Jackson, Mississippi, is a political subdivision of the State of Mississippi. To the extent this Defendant would otherwise enjoy sovereign immunity, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was responsible, in whole or in part, for the care of Joseph McDougle while acting under color or authority of law. This Defendant is subject to service of process through the City Clerk of the City of Jackson, Mississippi, Kristi Moore.

7. The State of Mississippi is a Defendant which would otherwise enjoy sovereign immunity, but the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. At all relevant times to this Complaint, this Defendant was responsible, in whole or in part, for the care of Joseph McDougle while acting under color or authority of law. This Defendant is subject to service of process through the City Clerk of the City of Jackson, Mississippi, Kristi Moore.

8. Corry Jenkins is a citizen of the United States of America, and a resident of the Southern District of Mississippi. At all pertinent times, Corry Jenkins was an employee of the City of Jackson Police Department. This Defendant may be served with process at his place of residence or business.

9. Christian Vance is a citizen of the United States of America, and a resident of the Southern District of Mississippi. At all pertinent times, Christian Vance was an employee of the

City of Jackson Police Department. This Defendant may be served with process at his place of residence or business.

10. Jermaine Magee is a citizen of the United States of America, and a resident of the Southern District of Mississippi. At all pertinent times, Jermaine Magee was an employee of the City of Jackson Police Department. This Defendant may be served with process at his place of residence or business.

11. G. Brown is a citizen of the United States of America, and a resident of the Southern District of Mississippi. At all pertinent times, G. Brown was an employee of the City of Jackson Police Department. This Defendant may be served with process at his place of residence or business.

12. John Does 1-25 are any unknown persons or legal entities that may have contributed to the tortious acts or omissions that are being described herein, including, but not limited to, any employee of Hinds County and/or the City of Jackson, Mississippi, who is not otherwise named as a Defendant herein. At all relevant times to this Complaint, these unknown Defendants were responsible, in whole or in part, for the care of Joseph McDougle while acting under color or authority of law. To the extent these unknown Defendants would otherwise enjoy sovereign immunity, the same is abrogated by the Fourteenth Amendment to the United States Constitution, the Supremacy Clause of the United States Constitution, and 42 U.S.C. § 1983. Plaintiff will seek leave of this Honorable Court to amend this Complaint to include these necessary Defendants if and when their identities are made known.

**JURISDICTION AND VENUE**

13. Plaintiff herein invokes the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. §§ 1331 & 1343 to obtain a judgment for the costs of suit, including

reasonable attorneys' fees, and damages suffered and sustained by Plaintiff Joseph McDougle, and caused by the Defendants' blatant violation of his rights, privileges and immunities as guaranteed by the Eighth and Fourteenth Amendments to the Constitution of the United States of America and by federal law, more particularly 42 U.S.C. § 1983. Furthermore, Plaintiff's action for injunctive relief is authorized pursuant to 28 U.S.C. §§ 2201 & 2202.

14. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. § 1391(b) because as substantial part of the real and immediate harm sustained by Plaintiff occurred in this judicial district and division.

**FACTS COMMON TO ALL COUNTS**

15. On April 14, 2014, Joseph McDougle was arrested by Officer Jermaine Magee of the City of Jackson, Mississippi, Police Department and charged with armed robbery, kidnapping, rape, resisting arrest, disobeying a law enforcement officer, aggravated domestic assault and possession of marijuana. Mr. McDougle was incarcerated in the Hinds County Detention Center in downtown Jackson, Mississippi, and then later transported to the Hinds County Detention Center in Raymond, Mississippi. On or around the time of Mr. McDougle's arrest, Mr. McDougle was allegedly placed in a non-suggestive photo lineup and allegedly identified by one of the victims to the crime. On October 2, 2014, Mr. McDougle was indicted by the Hinds County Grand Jury for the September, 2014, term on two counts of armed robbery, two counts of kidnapping, two counts of aggravated assault and one count of felony car theft. On or about April 15, 2015, a co-defendant, Eddie Devine, pled guilty to these crimes and denied that Mr. McDougle was involved. Mr. McDougle remained in jail until he was released on or about November 19, 2015, after he voluntarily participated in a polygraph examination wherein he was found to be truthful in his denial of involvement in the

crimes charged.

**COUNT I—ACTION FOR DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

16. The previous paragraphs are incorporated herein by reference as if fully re-alleged.

17. Joseph McDougle, had the right to be free from wrongful incarceration pursuant to the Eighth Amendment to the United States Constitution.

18. Joseph McDougle, had the right to equal protection of the laws and due process pursuant to the Fourteenth Amendment to the United States Constitution. Pursuant thereto, Mr. McDougle had the right to be treated with the same dignity and respect as all other citizens.

19. At all times material to this Complaint, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of law, the Defendants commenced to implement a policy, custom, usage or practice wherein the rights, privileges or immunities of Joseph McDougle, were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of Plaintiff's right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fourteenth Amendments to the Constitution of the United States of America, and the right against cruel and unusual punishment as set forth in the Eighth Amendment to the Constitution of the United States of America. The violations complained of in this Complaint include, but are not limited to, wrongfully arresting Plaintiff for crimes he did not

commit, leaving him in jail for approximately nineteen months despite substantial evidence that he had not committed the crimes for which he was charged, thereby demonstrating a deliberate indifference to the liberties and rights of Plaintiff.

20. As a direct and proximate consequence of the Defendants' actions, Joseph McDougle, was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, Plaintiff's Fourteenth Amendment rights to procedural and substantive due process and to the equal protection of the laws were violated by the Defendants, together with his Eighth Amendment right prohibiting cruel and unusual punishment.

21. At all times material hereto, the Defendants and their agents, representatives, and employees acted pursuant to the policies, regulations and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent the official policy of or were pursuant to a governmental custom, usage or practice of the Defendants. The Defendants collectively and individually developed, planned and/or implemented the policy, custom, and/or usage that resulted in the damages to Joseph McDougle.

22. As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived Plaintiff of certain rights guaranteed by the Constitution of the United States of America, Plaintiff suffered immediate and irreparable injury to his person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing the loss of Plaintiff's liberty for approximately nineteen months. While incarcerated, Plaintiff experienced extreme pain and suffering, humiliation, degradation, mental distress, and severe emotional anguish as a result of being deprived of his liberty and freedom.

**COUNT II—FAILURE TO PROVIDE ADEQUATE TRAINING AND SUPERVISION TO DEPUTIES**

23. The previous paragraphs are incorporated herein by reference as if fully re-alleged.

24. Defendants failed to provide adequate and competent training and/or supervision to the individual Defendants who participated in the arrest, incarceration and attempted prosecution of Plaintiff. The aforementioned Defendants are tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out by the individual Defendants.

25. As a direct and proximate consequence of the aforementioned Defendants' failure to develop, implement and otherwise devise a proper policy of adequate police training and or supervision for its Deputies, Plaintiff was deprived of certain constitutional rights, privileges and immunities. Had such policies been implemented, Plaintiff's injuries and the corresponding deprivation of his civil rights, privileges and immunities would not have happened because every individual Defendant, if properly trained and supervised, would have known not arrested, incarcerated and attempted to prosecute Plaintiff.

26. The aforementioned Defendants' failure to provide adequate training and supervision to the individual Defendants was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges, and immunities of the Plaintiff and any other person or persons similarly situated. Thus, because of the failure to provide adequate training and supervision, the aforementioned Defendants are liable for Plaintiff's injuries and the deprivation of civil rights associated therewith.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Joseph McDougle demands judgment against all Defendants for compensatory damages in the amount of Ten Million Dollars ($10,000,000) or as proof at trial may adduce, plus punitive damages, plus attorney's fees, plus the costs of this action.

RESPECTFULLY SUBMITTED, this the 13th day of April, 2017.

HOLADAY LAW FIRM, PLLC

By: ______________________
John G. Holaday, Esq.

Of counsel:

John G. Holaday (MS Bar # 9814)
HOLADAY LAW FIRM, PLLC
P.O. Box 321406
Flowood, Mississippi 39232
Telephone: (601) 414.3574
Facsimile: (601) 992.7727